IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COMMONWEALTH PROPERTY ADVOCATES, LLC,<br><br>              Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC, *et al.*,<br><br>              Defendants. | ORDER and MEMORANDUM DECISION<br><br><br><br>Case No. 2:10-CV-86 CW |

On February 18, 2010, the court ordered Plaintiff Commonwealth Property Advocates, LLC to show cause why this case should not be dismissed for lack of jurisdiction. Specifically, the court noted that the complaint was made against an unknown number of fictitiously named, or Doe, Defendants. The court further observed that because Plaintiff had failed to make allegations about the state citizenship of any of such Doe Defendants, Plaintiff did not appear to have made a showing of diversity, its only asserted ground of jurisdiction. *See, e.g., Howell v. Tribune Entertainment Co.,* 106 F.3d 215, 218 (7th Cir. 1997).

Plaintiff offers several responses. First, Plaintiff asserts that only one of its causes of action affects the rights of the unnamed parties. Even a cursory review of the complaint makes it clear that this is not correct. Instead, each cause of action and each remedy sought involves and would have a direct impact on the unnamed parties.

Next, Plaintiff asserts that the Doe Defendants should be treated as nominal parties. The presence of nominal Doe Defendants will not defeat diversity. *See id.* Generally speaking, Doe Defendants are considered nominal when they are included in the complaint "in the event that during discovery [a plaintiff] identifie[s] any additional defendants he wishe[s] to add to the suit." *Moore v. General Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996). On the other hand, Doe Defendants are not nominal if they are included because "the plaintiff knows that there are specific additional defendants he wishes to sue, but is simply uncertain as to their names." *Id.*

Here, it is clear that the Doe Defendants are specific entities that Plaintiff wishes to sue. The central premise of the complaint is that the Doe Defendants have interests in notes secured by the relevant property that are not recorded on the property's title and were not otherwise disclosed to Plaintiff or its predecessor. According to Plaintiff, this situation creates a cloud on the title of the property. In addition to various other forms of relief against the Doe Defendants, Plaintiff seeks to extinguish their interests in the property. Plaintiff also wants a declaration that the Doe Defendants' undisclosed interests void the action for foreclosure of the property. In these circumstances, it is obvious that the Doe Defendants are not merely nominal parties in this action.

Plaintiff's arguments otherwise have no merit. Plaintiff argues that the Doe Defendants are nominal because they might waive the right to appear in this action. Plaintiff reasons that until a Doe Defendant is served and actually makes an appearance in this case, its interest should be considered nominal because that party may not show up. But Plaintiff cites no authority that fictitiously named parties should be considered nominal for diversity purposes simply because

they might theoretically waive their rights in an action. If that were the case, all unnamed parties would be considered nominal, because any party could waive its rights in a case.

Plaintiff also contends that the Doe Defendants are nominal because they may or may not exist. In making this assertion, Plaintiff ignores the gravamen of its own complaint. As already mentioned, the central thesis of the complaint is that the Doe Defendants do exist, and that their interests in the property raise a cloud on title. If Plaintiff did not believe in good faith that there are Doe Defendants, it should not have brought this complaint.

Plaintiff also suggests that the court could preserve diversity by allowing service by publication on Doe Defendants who are non-citizens of Utah with respect to the quiet title claim. This suggested course of action has several problems. First, it puts the cart before the horse. If the court does not have jurisdiction, it cannot order service by publication on non-Utah citizens. Second, this plan ignores the fact that the quiet title action is not the only claim in this case that implicates the rights of the Doe Defendants. Finally, Plaintiff gives no authority which supports the idea that making selective service on unknown defendants who are non-citizens of the plaintiff's home state somehow preserves diversity jurisdiction. The court suspects that this is not the case.

In sum, Plaintiff has named an unknown number of Doe Defendants, but has not made any allegations about their state citizenship. Moreover, the Doe Defendants are not nominal, so Plaintiff must make allegations about their state citizenship to show the court has diversity jurisdiction. Plaintiff has not done so.

The court therefore DISMISSES Plaintiff's complaint for lack of jurisdiction.

SO ORDERED this 29th day of April, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Judge